UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DISTRICT

JS-6

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DREW S. LEVIN, NOEL CRONIN, and MICHAEL MACCHIARELLA,<br><br>　　　　　　Defendants. | Case No. CV 05-02547 DDP (SHx)<br><br>**FINAL JUDGMENT AS TO**<br><br>**DEFENDANT DREW S. LEVIN**<br><br>**[LINK TO DOCKET NUMBER 62]** |

　　The Securities and Exchange Commission having filed a complaint and Defendant Drew S. Levin ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

　　IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or by knowingly falsifying any book, record, or account as described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, Defendant's agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2], with respect to any issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act or is required to file reports pursuant to Section 15(d) of the Exchange Act, by, directly or indirectly, (1) making or causing to be made a materially false or misleading statement to an accountant, or (2) omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (a) any audit, review or examination of the financial statements of the issuer required to be made pursuant to the rules and regulations promulgated under the Exchange Act or (b) the preparation or filing of any document or report required to be filed with the Commission.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of

this Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] and Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(B)] and Exchange Act Rules 13a-1 and 13a-13 promulgated thereunder [17 C.F.R. §§ 240.13a-1 and 240.13a-13], by knowingly providing substantial assistance to an issuer having securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l* ], or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], by:

 (a) filing or causing to be filed any report required to be filed with the Securities and Exchange Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, or which omits to disclose any information required to be disclosed; or

 (b) failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; or

 (c) failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (1) transactions are executed in accordance with management's general or specific

authorization; (2) transactions are recorded as necessary (a) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and (b) to maintain accountability for assets; (3) access to assets is permitted only in accordance with management's general or specific authorization; and (4) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  June 05, 2014

_____
UNITED STATES DISTRICT JUDGE